# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DONALD W. FISHER | ) |
| PLAINTIFF, | ) |
| v. | ) NO. 3:15-cv-00127 |
| | ) JUDGE CRENSHAW |
| CHRISTOPHER GATES and | ) |
| GATES CONSTRUCTION AND | ) |
| DESIGN, LLC, | ) |
| DEFENDANTS. | |

## MEMORANDUM OPINION

Plaintiff Donald Fisher filed this action against Defendants Christopher Gates and Gates Construction and Design, LLC (collectively "Gates Construction") under the diversity jurisdiction statute, 28 U.S.C. § 1332, alleging multiple state law causes of action arising from Gates's construction of Fisher's pool. Before the Court is Gates's motion to dismiss. (Doc. No. 25.) For the following reasons, the motion to dismiss is **granted in part** and **denied in part**.

I.  ALLEGATIONS IN THE COMPLAINT

In May 2010, Fisher hired Gates Construction to construct a luxury pool in Franklin, Tennessee, for $105,000. (Doc. No. 1 at 3.) Gates held his company out as a licensed construction company, nationally-recognized for designing luxury pools. (Id.). Gates Construction included a one year unconditional warranty on the materials and workmanship. (Id.). The pool has an elaborate vacuum system as well as a cave-like enclosure with a waterfall. (Id.).

Early in the construction, one of Gates Construction's employees informed Gates that one of the heads of the vacuum system had been covered by a gunite pour. (Id.). Gates told the

employee that the defect was insignificant, and not to tell Fisher about the defect. (Id.). The vacuum head is essential to clean the pool properly. (Id. at 4.)

In June 17, 2010, Fisher opened his pool, unaware of the design defect. (Id.). The pool leaked excessively, requiring twenty hours of water fill per week at approximately $600 per month in additional water utility costs. (Id.). Gates knew, or should have known, that unless he properly sealed the waterfall cave, water would seep between the exterior and internal wall of the pool, causing it to fail. (Id.). In June 2012, Fisher began to notice several problems with tiles coming loose, constant malfunction of the vacuum system, and other problems. (Id.).

On February 11, 2015, Fisher filed a complaint against Gates, alleging (1) breach of contract, (2) breach of warranty, (3) a violation of the Consumer Protection Act of Tennessee, and (4) fraudulent misrepresentation. Rather than filing an answer, Gates filed the instant motion to dismiss, alleging that this action is barred by the statute of repose.

II.     STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true

on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

III.  ANALYSIS

In his motion to dismiss (Doc. No. 25), Gates, proceeding pro se, alleges that he substantially completed the pool on June 17, 2010. (Id. at 2.) He argues that the statute of repose expired four years from that date, so this action is time-barred. (Id.). Fisher admits that the statute of repose, Tennessee Code Annotated Section 28-3-202, expired before he filed his complaint. (Doc. No. 26 at 4.) He argues that Gates's fraudulent concealment tolls the statute of repose, pursuant to Tennessee Code Annotated Section 28-3-205(b). (Id.).

In Tennessee, all actions "to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property . . . shall be brought . . . within four (4) years after substantial completion of such improvement." TENN. CODE ANN. § 28-3-202 (2016). "The four year limitations . . . is but an outer limit or a ceiling . . . unrelated to the accrual of any cause of action, since they began to run on the date of substantial completion as opposed to the date of injury or damage." Watts v. Putnam Cnty., 525 S.W.2d 488, 491 (Tenn. 1975).

The statute of repose is not a defense for a person who wrongfully concealed the cause of action. TENN. CODE ANN. § 28-3-205(b) (2016). The wrongful concealment must not be "concealment in the original construction, but rather a concealment by a defendant of plaintiff's cause of action once it arises." Henry v. Cherokee Const. and Supply Co., Inc., 301 S.W.3d 263, 267 (Tenn. Ct. App. 2009) (quoting Register v. Goad, 1985 Tenn. App. LEXIS 3104, at *9 (Aug. 23, 1985)). Additionally, the defendant must make an "overt act or representation" to wrongfully conceal a cause of action. Id.

3

Here, Fisher's allegations that Gates wrongfully concealed Fisher's causes of action arising from the employee covering one of the heads for the vacuum system with a gunite pour is well-pleaded. Fisher alleges that Gates concealed Fisher's causes of action once they arose by concealing the fact that the gunite pour covered the vacuum head when he instructed his employee not to tell Fisher. This was also the overt act to conceal this defect. Therefore, the motion to dismiss is denied as to causes of action arising from the gunite pour covering the vacuum system.

The only other fact pleaded with particularity is that Gates Construction's employees did not properly seal the waterfall cave.[1] This is a defect in the original construction, and there are no allegations that Gates Construction concealed the causes of action arising from the defect once Fisher's causes of action arose. See Ridenour v. Covenant Health, No. E2014-01408-COA-R3-CV, 2015 WL 4736225, at *6 (Tenn. Ct. App. June 9, 2015) ("The fact that a construction defect exists and goes unnoticed does not in itself constitute fraud or wrongful concealment."). Additionally, Fisher does not allege that Gates Construction made an overt act to conceal this defect. Therefore, Section 205(b) does not apply to this claim, and the motion to dismiss is granted with respect to the causes of action arising from Gates Construction's failure to properly seal the waterfall cave.

There is no other allegation in the complaint where Fisher sufficiently alleges that Gates Construction wrongfully concealed a cause of action under Section 205(b). Therefore, the statute of repose bars the all causes of action arising from any defect in the construction of the pool other than the gunite-covered vacuum head.

---

[1] Although the Complaint does not allege specifically that Gates or his employees did not properly seal the waterfall cave, it is implied by Fisher alleging that Gates "knew, or in the exercise of reasonable care, should have known that unless properly sealed the waterfall cave would cause water to seep in between the exterior and interior wall of the pool causing it to fail." (Doc. No. 1 at 4.)

4

IV.     CONCLUSION

Fisher alleged sufficient facts that Gates Construction wrongfully concealed the causes of action arising from Gates's employees pouring gunite over the vacuum head. As to those claims, Gates Construction may not use the statute of repose as a defense at this time. Fisher did not allege sufficient facts that Gates Construction wrongfully concealed causes of action arising from any other defect in the pool. The statute of repose bars all causes of action arising from those defects. Therefore, the motion to dismiss is **denied in part** with respect to the causes of action arising from the gunite pour covering the vacuum head, and **granted in part** with respect to all other causes of actions. The Court will file an appropriate order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE